IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 22-cv__

MIRIAM GOMEZ,

    Plaintiff,

vs.

EL TACO STOP LLC d/b/a EL TACO STOP and MARCELINO PEDRO LARA ALVAREZ, individually,

    Defendant.

# COMPLAINT FOR UNPAID WAGES

Plaintiff Miriam Gomez ("Gomez" or "Plaintiff"), by and through her attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of El Taco Stop LLC d/b/a El Taco Stop and Marcelino Pedro Lara Alvarez ("Alvarez"), individually (collectively "Defendants"), alleges the following:

## PRELIMINARY STATEMENT

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* The Colorado Minimum Wage Order ("MWO"), 7 C.C.R 1103-1 and the Colorado Minimum Wage Act ("MWA"), C.R.S. § 8-6-101, et. Seq.

2. Defendants violated the FLSA because the FLSA requires employers to pay their employees one-and-one half times each employee's regular rate of pay for each hour worked beyond forty each workweek.

3. Defendants violated the Colorado Minimum Wage Act ("MWA") as implemented by the Colorado Minimum Wage Order ("MWO") because they require employers to pay their employees one-and-

one half times each employee's regular rate of pay for each hour worked beyond forty each workweek; and because they require employers to provide their employees with compensated, ten-minute rest periods for each four-hour work period.

## JURISDICTION AND VENUE

4. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

6. This Court has supplemental jurisdiction over the Colorado state law claims under the principles of pendent and ancillary jurisdiction.

7. Venue is proper in this district under 28 U.S.C. § 1391(b). The events giving rise to Plaintiff's claims occurred within the jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

8. Plaintiff Gomez is a resident of the State of Colorado.

9. Defendant El Taco Stop is a corporation incorporated in the State of Colorado with its principal address at 6970 CO-2, Commerce City, CO 80022.

10. Defendant Marcelino Pedro Lara Alvarez is a resident of the State of Colorado.

11. Alvarez is the owner and operator of El Taco Stop.

## GENERAL ALLEGATIONS

**Employment with Defendants**

12. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

13. On or about April 7, 2017, Plaintiff began working for Defendants.

14. Plaintiff worked for Defendants primarily as a waitress but also worked in the kitchen.

15. Plaintiff's duties included, *inter alia,* taking orders from customers, preparing orders, cutting vegetables, and washing meat.

16. On or about November 1, 2018, Plaintiff was constructively discharged by Defendants.

17. In early April 2019, Plaintiff returned to work for Defendants.

18. On or about August 15, 2019, Plaintiff ceased working for Defendants.

19. In January 2021, Plaintiff returned to work for Defendants.

20. On May 1, 2021, Plaintiff was constructively discharged by Defendants.

21. On October 12, 2021, Plaintiff returned to work for Defendants.

22. On April 3, 2022, Plaintiff was terminated by Defendants.

23. Plaintiff was terminated because she was pregnant.

24. Due to Plaintiff's unlawful termination, Plaintiff has filed an internal complaint with the Colorado Civil Rights Division.

**Salary and Schedule with Defendants**

25. From on or about April 17, 2017 to on or about November 2018, Plaintiff worked seven days a week between two to three times per month.

26. During this period, Plaintiff worked from 9:00 a.m. to 4:00 p.m., Friday through Wednesday.

27. From on or about April 2019 to on or about August 2019, Plaintiff worked seven days a week approximately two times per month.

28. During this period, Plaintiff worked Tuesday through Sunday from 7:00 a.m. to 2:00 p.m.

29. From on or about January 2021 to on or about May 2021, Plaintiff worked seven days a week approximately two times per month.

30. During this period, Plaintiff worked Tuesday through Sunday from 7:00 a.m. to 3:00 p.m.

31. From on or about October 2021 to on or about November 2021, Plaintiff worked six days a week, from 7:00 a.m. to 3:00 p.m.

32. From on or about December 2021 to on or about April 2022, Plaintiff worked seven days a week.

33. During that time, on Mondays and Tuesdays, Plaintiff worked from 2:00 p.m. through 10:00 p.m.

34. From Wednesday through Sunday, Plaintiff worked from 7:00 a.m. to 4:00 p.m., except on Fridays when she left work at 2:00 p.m.

35. During the entire time that Plaintiff worked for Defendants, Plaintiff did not receive meal breaks or any breaks for that matter.

36. From 2017 to 2018, Plaintiff was paid $11 per hour for all hours worked including work performed after 40 hours.

37. In September 2019, Plaintiff was paid $12 per hour for all hours worked including work performed after 40 hours.

38. From 2021 to 2022, Plaintiff was paid $13 per hour including work performed after 40 hours.

39. Plaintiff was paid on a biweekly basis, entirely in currency (cash).

## COUNT I RELIEF
## Violations Under the Fair Labor Standards Act (FLSA)

40. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

41. Plaintiff was an "employee" as that term is defined by the FLSA.  29 U.S.C. § 203(e).

42. Defendants "employed" the Plaintiff as that term is defined by the FLSA.  29 U.S.C. §203(g).

43. Defendants was Plaintiff's "employer" as that term is defined by the FLSA.  29 U.S.C. § 203(d).

44. Defendant violated the FLSA when it failed to pay Plaintiff overtime premiums for hours worked beyond forty in each given workweek.  29 U.S.C. § 207.

45. Defendants' violations of the FLSA were willful.  29 U.S.C. § 255(a)

46. Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

47. Plaintiff is entitled to recover unpaid overtime premiums, liquidated damages, attorney's fees and costs.  29 U.S.C. § 216(b).

### COUNT II – Failure to Pay Overtime Premiums and Denied Rest Breaks
### Violation of Colorado's Minimum Wage Orders, 7 CCR 1103-1

48. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

49. This Count seeks the recovery of overtime wages arising from work performed throughout Plaintiff's employment with Defendants.

50. Defendants suffered or permitted Plaintiff to work and acted directly or indirectly in the interests of an employer in relation to the Plaintiff.  7 C.C.R. 1103-¶1 1.6(A).

51. Plaintiff was Defendants' "employee" as that term is defined by the COMPS Order because she performed labor for the benefit of Defendants which Defendants commanded when, where, and how much labor services would be performed, and exercises control over the Plaintiff, who performed the primary work of the employer.  7 C.C.R. 1103-1¶ 1.5(A).

52. At all times relevant to this action, Defendants operated a restaurant that prepared and offered for sale food or beverages for consumption either on or off the premises.

53. Defendants employed Plaintiff and others in an industry regulated by Wage Orders #31 through 35.  7 C.C.R. 1103-1¶2(C).

54. Defendants employed Plaintiff and others in an industry regulated by Colorado Minimum Pay and Overtime Standards Orders ("COMPS") 36 and 37.

55. Defendants violated the COMPS Order and predecessor Colorado Minimum Wage Orders when it failed to pay Plaintiff overtime premiums for hours worked over forty in each given workweek. 7 CCR 1103-1¶4.1.1(A).

56. Defendant violated the COMPS Order and predecessor Colorado Minimum Wage Orders when it failed to authorize and permit Plaintiff and others to take compensated ten-minute rest periods for each four hours (or major fractions thereof) worked.  7 CCR 1103-¶¶ 5.2.3, 5.2.4.

57. As a result, Plaintiff suffered lost wages and lost use of those wages in an amount to be determined at trial.

58. Plaintiff is entitled to recover in this civil action the unpaid balance of the full amount of overtime wages she is owed, together with reasonable attorney fees and court costs.  7 C.C.R 1103-1¶8.1(A).

## **PRAYER FOR RELIEF**

**WHEREFORE, Plaintiff prays that:**

As to his Count I claim brought under the FLSA, Plaintiff respectfully requests an Order from the Court that:

   a.   Plaintiff be awarded unpaid overtime premiums;

   b.   Plaintiff be awarded liquidated damages as required by law;

   c.   Plaintiff be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

   d.   Plaintiff be awarded such other and further relief as may be necessary and appropriate.

As to her Count II claim brought under the Colorado Overtime and Minimum Pay Standards Order and predecessor Colorado Minimum Wage Orders, Plaintiff respectfully request an Order from the Court that:

   a.   Plaintiff be awarded the unpaid balance of the full amount of overtime wages owed to her and any costs or attorney's fees due.  7 CCR 1103-1 ¶ 8.1(A).

   b.   Plaintiff be awarded such other and further relief as may be necessary and appropriate.

Respectfully submitted, this **29th** day of **June, 2022**.

**THE LAW OFFICES OF JACOB ARONAUER**

By: <u>*/s/ Jacob Aronauer*</u>
Jacob Aronauer, Esq.
1490 Lafayette St., #304
Denver, CO 80218
jaronauer@aronauerlaw.com
*Attorney for Plaintiff*

7